**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**JOE FELDER, 02A0644,**

                                    **Plaintiff,**

            **-v-**                                         **10-CV-0343(Sr)**

**CORRECTION OFFICER DIEBEL and**
**CORRECTION OFFICER HULTON,**

                                    **Defendants.**

_____

## DECISION AND ORDER

            Pursuant to 28 U.S.C. § 636(c), the parties consented to the assignment

of this case to the undersigned to conduct all proceedings in this case, including entry

of final judgment.  Dkt. #20.


            Plaintiff filed this _pro se_ action on or about April 26, 2010 seeking relief

pursuant to 42 U.S.C. § 1983 in connection with alleged excessive use of force

incidents that took place on July 18, 2009 and August 6, 2009, while plaintiff was

housed at the Attica Correctional Facility ("Attica").  Dkt. #1.  The parties have been

engaged in the exchange of paper discovery and presently pending is plaintiff's Motion

to Compel.  Dkt. #31.  By this motion, plaintiff reiterates several of his requests for the

disclosure of documents.  Based on the response to the instant motion filed by

defendants Diebel and Hulton (Dkt. #33), defendants have previously responded to

these requests and in certain instances, previously disclosed the requested documents.

Accordingly, for the reasons set forth below, plaintiff's motion is denied.

## FACTS[1]

In his Complaint plaintiff alleges that on July 18, 2009, "Correctional

Officer Diehl [sic] pulled me out of line as gallery was going to afternoon recreation and

after recreation run was complete choked me tightly with his right hand and slapped me

twice with all his force force [sic] for supposedly looking at him two year's [sic] prior with

an evil eye."  Dkt. #1, p.5.  As against, defendant Hulton, plaintiff alleges in his second

claim, that on August 6, 2009, defendant Hulton "threatened me with bodily harm for

grieving his co-worker Diehl [sic] by telling me if he catches me looking at him he'd

break my 'fucking face.'  And I was told this would take place anywhere in the building."

*Id*. at pp.5-6.


As set forth in the instant motion to compel (Dkt. #31), plaintiff requests

the following documents and things:

1.   "Any and all grievances, complaints or other documents received by the defendants or their agents at Attica Correctional Facility concerning the mistreatment of inmates by Officer Diebel and Officer E. Hulton and any memoranda, Investigative files or other documents created in response to such document since January 1st, 2007."

2.   "Criminal complaints of both defendants Diebel, and E. Hulton."

3.   "Any log's [sic], list or other documentation reflecting grievances filed against both defendants by Attica inmates from January 1st, 2007 to the date of your response."

---

[1] The facts set forth herein are taken from plaintiff's Complaint (Dkt. #1).

4.     "Any and all policies, directives, or instructions to staff
       concerning the use of force by Attica's staff."

5.     "Copy of Alphabetic employee list of B-Block Officers
       at Attica on date and time of assault."

Dkt. #31.

With respect to document request number 1, defendants state that they previously responded to this request and further, that plaintiff was provided copies of grievances related to the instant matter in defendants' Rule 26 disclosure on June 27, 2011.  Dkt. #33, p.4.

With respect to document request number 2, defendants object to the request in that it seeks information and material which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding this objection, defendants state that neither defendant has a criminal history.  *Id*.

In response to request number 3, concerning any logs relating to grievances filed against both defendants by Attica inmates from January 1, 2007 to the date of the response, defendants state that "DOCCS does not file complaints, including grievances by specific incident, subject matter or employee's name."  *Id*.  Finally, with respect to document requests 4 and 5 concerning a Use of Force policy and an employee list of B-Block officers for incident dates alleged in the complaint, respectively, defendants respond that those requested documents were previously provided to the plaintiff.

Accordingly, based on the representations made by counsel for defendants concerning those responses and documents previously supplied to plaintiff, the Court finds there is no basis to grant plaintiff's motion to compel and therefore, plaintiff's motion (Dkt. #31) is denied.

**SO ORDERED.**

DATED:      Buffalo, New York
              September 28, 2012

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**